1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ARTURO PENA GOMEZ, | Civil No.   06-2337 DMS (RBB) |
|---|---|
| Petitioner, | **ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION** |
| vs. | |
| JAMES YATES, Warden | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to 28 U.S.C. § 2254 attacking a conviction from the Superior Court of Riverside County, California. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a conviction in the Superior Court of Riverside County, California, which is within the jurisdictional boundaries of the United States District Court for the Central District, Eastern

/ / /

/ / /

Dockets.Justia.com

1  Division. *See* 28 U.S.C. § 84(c)(1). Moreover, Petitioner is presently confined at Pleasant
2  Valley State Prison, which is located in Fresno County and is within the jurisdictional
3  boundaries of the United States District Court for the Eastern District of California. *See*
4  28 U.S.C. § 84(b). Thus, jurisdiction exists in the Central or Eastern District; and not in the
5  Southern District.

6  Although this Court does not have jurisdiction over the action, "[u]nder a provision of the
7  Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
8  jurisdiction the court shall transfer the action to any other such court in which the action could
9  have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
10 Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
11 has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
12 be in the interest of justice because normally dismissal of an action that could be brought
13 elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting
14 *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
15 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
16 § 2241(d).

17 When a habeas petitioner is challenging a state conviction, the district court of the district
18 in which a petitioner was convicted and sentenced is a more convenient forum because of the
19 accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district
20 courts in California to transfer habeas actions challenging a state conviction to the district in
21 which the Petitioner was convicted. Any and all records, witnesses and evidence necessary for
22 the resolution of Petitioner's contentions are more readily available in Riverside County, which
23 is thus a more convenient forum. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can,
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /
/ / /

of course, transfer habeas cases to the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Central District of California, Eastern Division. *See* 28 U.S.C. § 2241(d). **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

DATED: October 30, 2006

_____
HON. DANA M. SABRAW
United States District Judge